

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00162-CV

**IN RE** Christina Marie **DIXON**

Original Mandamus Proceeding[1]

Opinion by:      Beth Watkins, Justice

Sitting:         Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice
                 Beth Watkins, Justice

Delivered and Filed: May 8, 2019

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator, Christina Dixon, asserts the trial court abused its discretion by denying her plea to

the jurisdiction and motion to dismiss for forum non conveniens in the underlying suit affecting

the parent-child relationship. We conditionally grant the petition for writ of mandamus.

## BACKGROUND

In 2015, Christina and real party in interest, David Richardson, obtained a divorce in Texas.

They have one child, I.R. At the time of the divorce, Christina was granted the right to determine

I.R.'s primary residence without geographic restrictions. In August 2017, Christina moved with

I.R. to Virginia where they presently live with Christina's current husband. In November 2018,

David filed a "Petition to Modify the Parent-Child Relationship" in which he asked to be appointed

---

[1] This proceeding arises out of Cause No. 18-1670-CV-C, styled *In the Interest of I.R., a Child*, pending in the 25th Judicial District Court, Guadalupe County, Texas, the Honorable William Old presiding.

the person with the right to determine I.R.'s primary residence or, alternatively, that the terms of possession and access be modified. Christina then filed a "Plea to the Jurisdiction Or, In the Alternative, Motion to Dismiss Forum Non Conveniens." Following a February 15, 2019 hearing, the trial court signed an order denying Christina's plea and motion. Christina filed her petition for writ of mandamus asserting the trial court erred by denying her plea to the jurisdiction and her motion to dismiss. David filed a response.

## EXCLUSIVE CONTINUING JURISDICTION

No party disputes that the Texas court has continuing jurisdiction in this case. However, Texas Family Code section 152.202 addresses a Texas court's continuing jurisdiction over child-custody matters after the initial determination:

> Except as otherwise provided in Section 152.204, a court of this state which has made a child custody determination consistent with Section 152.201 or 152.203 has exclusive continuing jurisdiction over the determination until:
>
> > (1) a court of this state determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent, have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; . . . .

TEX. FAM. CODE § 152.202(a)(1).

Section 152.202(a)(1) "specifically provides that a court *retains* exclusive continuing jurisdiction *until* it determines that the significant-connection and substantial-evidence requirements are no longer met." *In re Forlenza*, 140 S.W.3d 373, 376 (Tex. 2004) (orig. proceeding) (emphasis in original).

## A.    Significant Connection

Visitation within the state is evidence of a significant connection. *See id.* at 376-77 ("To accommodate the children's schedule over the years, Ann repeatedly flew to Washington, Ohio, and Virginia to see them. Robert admit[ed] that Ann made at least fifteen such trips in the four-

year period under review."); *In re Meekins*, 550 S.W.3d 729, 741 (Tex. App.—Houston [1st Dist.] 2018, orig. proceeding) (child spent at least a couple of days per month with Meekins in Texas and more time during holidays, and child usually spent time with Meekins each weekend, sometimes traveling to Texas, sometimes traveling to areas in the Midwest, and sometimes staying in Chicago where the father lived).

Here, Christina and I.R. have lived continuously in Virginia since August 2017, almost fifteen months, and there is no dispute the child did not visit her father or anyone else in Texas after the move to Virginia. *See In re Isquierdo*, 426 S.W.3d 128, 133 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding) (no evidence of any visitation within Texas during the last two and one-half years to support a finding of a "significant connection"; only evidence was that father had not made any requests to visit his children during the two-year period preceding his petition).

Other factors a court may consider are the child's relationship with the Texas-based parent and/or other friends and family who live in Texas. *See Forlenza*, 140 S.W.3d at 377 (numerous relatives of both parents lived in Texas and maintained a relationship with the children); *In re A.C.S.*, 157 S.W.3d 9, 17 (Tex. App.—Waco 2004, no pet.) (father testified his daughters enjoy playing with their cousins in Houston (his sister's children), who are close in age).

David testified he last visited with I.R. in early to mid-August 2017, just before she and her mother moved to Virginia. Since that time, he has only spoken to his daughter via FaceTime. David said he has attempted to FaceTime his daughter "at least 200 times" or at least once a week since she moved to Virginia, but, with few exceptions, Christina blocked his calls. At some point, Christina's husband contacted David to ask why he was not talking to I.R. and David told him he could not get a response from Christina. Shortly thereafter, according to David, Christina allowed him to FaceTime with I.R.

David said he has not visited his daughter in Virginia because he cannot afford to travel. When asked about other people in Texas with whom I.R. may have a relationship, David said his daughter refers to his current father-in-law and mother-in-law as "grandfather and grandmother," but he did not state when either they or his own mother had last seen I.R. David also said a friend who lives across the street asks when I.R. is coming back to Texas. David believed Christina and I.R. might not remain in Virginia because Christina still owned a house in New Jersey and her husband was in the military.

Christina testified her husband contacted David because I.R. became upset when her father did not come for a visit in the summer of 2018. She said I.R. has had no visits to Texas since August 2017. Christina stated her husband is now retired, she sold her New Jersey house, and the family has no plans to leave Virginia. She denied blocking David's calls. She did not agree that David has a quality relationship with his daughter because their entire communication in 2018 totaled three hours and thirty-four minutes on the telephone.

Although whether Christina blocked David's calls was in dispute, we conclude the remaining uncontroverted evidence establishes that neither Christina nor I.R. have had any "significant relationship" with Texas since August 2017. We next consider whether substantial evidence is no longer available in Texas concerning I.R.'s care, protection, training, and personal relationships.

## B. Substantial Evidence

Christina testified I.R. attends school in Virginia, her doctors and a play-therapy counselor are in Virginia, and I.R. takes karate and horseback riding lessons and participates in a swim team and Girl Scouts in Virginia. Christina said I.R. did not have any doctors in Texas.

When asked if I.R. had a doctor in Texas, David said she had the same pediatrician as his son and stepdaughter, but he did not know when I.R. last saw this doctor and he had the doctor

available "just in case." Other than a relationship with David, and David's testimony that I.R. refers to his in-laws as "grandfather and grandmother" and that a neighbor asked about I.R., there is no evidence in the record about the extent or quality of any personal relationships in Texas that I.R. may have.

On this record, we conclude the substantial-evidence requirement is no longer met.

### CONCLUSION

The record establishes that neither Christina nor I.R. have any significant connection to Texas and substantial evidence is no longer available in Texas concerning I.R's care, protection, training, and personal relationships. Therefore, the trial court erred by denying Christina's plea to the jurisdiction.[2]

"A writ of mandamus is an appropriate means to require a trial court to comply with the [the Texas Family Code's] jurisdictional requirements." *Powell v. Stover*, 165 S.W.3d 322, 324 (Tex. 2005) (orig. proceeding). Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to vacate its February 20, 2019 Order denying Christina's Plea to the Jurisdiction and Motion to Dismiss Forum Non Conveniens and enter an order granting Christina's plea to the jurisdiction within fifteen days of this opinion.

Beth Watkins, Justice

---

[2] Because this issue is dispositive, we do not address whether the trial court erred by denying the motion to dismiss for forum non conveniens. *See* TEX. R. APP. P. 47.1.